NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
COUNTY OF NEVADA; NEVADA COUNTY SHERIFF'S
OFFICE; and SHANNON MOON, Sheriff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ISAAC PEASE, II,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF NEVADA, a political subdivision of the State of California, NEVADA COUNTY SHERIFF'S OFFICE; SHANNON MOON, Sheriff, individually, and in her official capacity, and Does 1 through 100,,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(B) TO U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**<br><br>**(FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT.

PLEASE TAKE NOTICE that Defendants COUNTY OF NEVADA; NEVADA COUNTY SHERIFF'S OFFICE; and SHANNON MOON hereby remove to this Court the state court action described below.

## I. **NOTICE OF REMOVAL**

On June 28, 2024, an action was commenced in the Superior Court of the State of California in and for the County of Nevada, entitled GERALD ISAAC PEASE, II, (Plaintiff) vs. COUNTY OF NEVADA, a political subdivision of the State of California, NEVADA COUNTY SHERIFF'S OFFICE; SHANNON MOON, Sheriff, individually, and in her official capacity (Defendants), as

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. 1441(B) TO U.S.
DISTRICT COURT

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

Case Number CU0001471. Attached hereto as **Exhibit A** is a copy of the Complaint filed on June 28, 2024.

Defendants now provides timely notice of removal of this action per 28 U.S.C. §§ 1446 and 1441(c).

## II.  GROUNDS FOR REMOVAL

This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 (federal question), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(c), in that Plaintiff's Second Cause of Action in his Complaint is a Civil Rights Violation type claim per 42 U.S.C. § 1983, as titled in the Complaint, that arises under the Fourth Amendment to the U.S. Constitution.  Specifically, Plaintiff contends that Defendants (or its employees) violated the Fourth Amendment of the U.S. Constitution in their interaction with Plaintiff.  (Exh. A, pgs. 3-7.). Plaintiff appears to also make a § 1983 claim directly against Defendant Nevada County (through the Nevada County Sheriff's Office) per a theory of unconstitutional custom, practice, or policy per a *Monell* type claim, another federal claim.  (*Id.* at 6-7.).  As Plaintiff has alleged a federal claim(s) pursuant to the U.S. Constitution, the District Court has original jurisdiction under 28 U.S.C. § 1331 and removal is proper.

Defendants are unaware of any other named defendants who have been served with a Summons and the Complaint other than those herein and thus no joinder to this removal is necessary.  The undersigned will be representing the Defendants COUNTY OF NEVADA, NEVADA COUNTY SHERIFF'S OFFICE and SHANNON MOON.

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated:  August 15, 2024

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP

By:   /s/ Noah G. Blechman
Noah G. Blechman
John J. Swafford
Attorneys for Defendant
COUNTY OF NEVADA; NEVADA COUNTY
SHERIFF'S OFFICE; and SHANNON MOON, Sheriff

DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(B) TO U.S. DISTRICT COURT

2

# EXHIBIT A

ELECTRONICALLY
FILED
BY SUPERIOR COURT OF CALIFORNIA,
COUNTY OF NEVADA
06/28/2024
LAILA A. WAHEED, CLERK OF THE COURT
SCOTT SHAPIRO, DEPUTY

**LAW OFFICES OF R. ELLIS HARPER**
R. Ellis Harper, SBN 40838
P.O. Box 1829
Nevada City, CA 95959
Tel: (530) 274-1961
Fax: (530) 264-7628

Attorney for Plaintiff,
Gerald Isaac Pease II

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NEVADA

GERALD ISAAC PEASE II.

    *Plaintiff,*

v.

COUNTY OF NEVADA, a political sub-division of the State of California, NEVADA COUNTY SHERIFF'S OFFICE; SHANNON MOON, Sheriff, individually, and in her official capacity, and Does 1 through 100,

    *Defendants.*

Case No. CU0001471

Complaint For Damages:

1. **False Arrest / Imprisonment;**
2. **Civil Rights Violation 42 USC § 1983;**
3. **Bane Act Violation; and**
4. **Intentional Infliction of Emotional Distress**

**Jury Trial Demand**

Plaintiff, Gerald I. Pease II., complains and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Gerald Isaac Pease II., (hereafter "GIP II") is and at all times herein mentioned was a resident of Nevada County, California, and was born September 16, 1962.

2.    Defendant County of Nevada is a political subdivision of the State of California. The Nevada County Sheriff's Office (hereafter "NCSO") is an agency and / or department of the County. Deputies Galen Spittler and Ritchie Osbourne are employees of the NCSO.

3.    Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 100. Plaintiff will amend his Complaint if and when the true names and capacities have been ascertained. Plaintiff is informed and believes and upon such information and belief alleges that each Doe defendant is responsible in some actionable manner for the events, occurrences, obligations and damages alleged herein

4.    Plaintiff is informed and believes and on such grounds alleges that at all relevant times each of the individual defendants was the authorized agent of each of their individual co-defendants, and each was acting within the course, scope and authority of said agency, or in concert of one or the other.

## JURISDICTION

5.    Jurisdiction in the cause is established under California Constitution, Article IV, Section 10.

6.    Venue in the cause is established under the California Code of Civil Procedure sections 392 and 395.1

7.    Plaintiff is informed and believes, and thereupon alleges the defendant Shannon Moon (hereafter Defendant 'Moon" ) was at all times material hereto a policy maker and/or supervisor, and acting under color of law within the course and scope of her employment and office as the Sheriff of the Nevada County ("NCSO"). S. Moon is sued individually and in her official capacity.

8.    Shannon Moon is the Sheriff for the County of Nevada. Deputies Galen Spittler (hereafter "Spittler") and Ritchie Osbourne (hereafter "Osbourne") are deputies of the Nevada County Sheriff's Office, (hereafter "NCSO"). At all relevant times, they were acting under color of law within the course and scope of their duties as NCSO deputies, and as employees of NCSO and the County of Nevada.

9.    The County of Nevada ("County")  is a political subdivision organized under the law of the state of California,  and is a proper defendant in this action as GIPII's claims are made pursuant to the California Tort Claims Act,  Cal. Govt. Code sections 810-996.  The County was at all relevant times the employer of defendants S. Moon, Splitter and Osbourne.    The County is liable for the tortious actions and omissions of its employees.  The County of Nevada and the NCSO maintain an unlawful policy, custom, or practice of requiring individuals detained to answer questions about the whereabouts of third parties sought by law enforcement.    This policy,  custom,  or practice  is reinforced by the NCSO's supervision, and on information and belief,  its training.

## FACTUAL ALLEGATIONS

10.    This case arises from the actions of the County of Nevada and the NCSO. On or about 7/06/23,  the Sheriff's Office caused the unlawful arrest of  the plaintiff when the Sheriff's Office  visited the home of GIPII,  located at 13361 Sailor  Flat Rd, Nevada City, CA, 95959.  The second of two visits occurred on 7/06/23 at approximately 4:19 p.m.  The plaintiff was approached by officers  Spittler and Osbourne,  badge nos. 1D56 and 1D12. The plaintiff was falsely accused of harboring a fugitive,  one J. McManus.  The Sheriff claimed that the plaintiff provided false information concerning the whereabouts of J. McManus.  Parenthetically,  note that J. Mc Manus had been released from custody the previous day through some alleged clerical error at the jail.   The deputies had no warrant for the arrest of the plaintiff,  nor did the officers have probable cause to detain and arrest the plaintiff.   On interview by the Sheriff, plaintiff advised the two deputies that he had posted bail the previous day for  J. McManus.  Once the plaintiff made that declaration, the plaintiff was falsely accused of a crime,  harboring a criminal, in violation of Penal Code section 32.    The plaintiff  was accused of that crime,  patted down, searched, seized, hand-cuffed, detained,  and thereafter arrested.  Plaintiff was then transported to Wayne Brown Correctional Facility,  placed in a holding area for 3 hours, and interviewed by multiple officers on the Penal Code section 32 charge,  all without Miranda warnings.  Plaintiff was fingerprinted  and booked on the Penal Code section

32 charge, and assigned booking no. B23001197. His bail was set at $10,000 by the Sheriff. Plaintiff was allowed single telephone call, whereupon he called a bail agent who arranged his bail. The bond agent, Act Fast Bail Bonds, posted bail for the plaintiff under bond no. 4525-338608 for his release. After 9 hours of unlawful detention, plaintiff was released at approximately 3 a.m. on 7/07/23. Plaintiff was conditionally released, meaning that he was required to appear in Court on the charges for which he was arrested. His arrest was made in case nos. 12031705 and NC0000547. Plaintiff appeared in Court to answer the charges on 9/18/23, and again on 10/16/23. The District Attorney declined to further prosecute the plaintiff at the hearing conducted on 10/16/23. The District Attorney sent a letter to the plaintiff on October 26, 2023, advising that he would not be further prosecuted. The criminal case is still pending.

11.  Tort Claim Compliance: On December 29, 2023, plaintiff presented a tort claim to the County of Nevada. A true and correct copy of the claim is attached to this complaint as Exhibit "A." On February 12, 2024, the Clerk of the Board of Supervisors for the County rejected the tort claim. A true and correct copy of the tort claim denial was sent to plaintiff on February 12, 2024, and is marked as Exhibit "B." This action is timely commenced pursuant to Government Code section 945.6

12.  At all times in Plaintiff's's dealings with the defendants and DOE defendants 1 through 100 inclusive, plaintiff reasonably believed that his liberty interests were invaded on 7/06/23, and said defendants used more force than necessary. Specifically, the deputies displayed long guns, and used threats of profanity in dealing with the plaintiff.

**FIRST CAUSE OF ACTION**
**False Arrest/ False Imprisonment**
**Violation of Cal. Const. Art I, section 13**
**[Against All Defendants]**

13.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of plaintiff's complaint, as though fully set forth at length herein.

14.    Defendant County Of Nevada, through its Sheriff's deputies, Spittler and Osbourne, interfered with GIPII's exercise and enjoyment of his rights under the U.S. and California Constitutions.

15.    Defendants arrested GIPII for a violation of Penal Code section 32, based on plaintiff's lack of knowledge concerning the whereabouts of one, J. Mc Manus. Defendant's deputies Spittler and Osbourne deprived the plaintiff of his freedom by subjecting him to unreasonable detention, and by arresting him without a warrant, and without reasonable or probable cause, all without his consent. The defendant County and its Sheriff's Office directed, approved and authorized deputies Spittler and Osbourne's actions, causing GIPII's false arrest and imprisonment.

16.    General Damages:   All the acts complained of herein directly and proximately caused GIPII to suffer the following deprivations:   Violations of his civil rights, loss of his freedom of expression, loss of privacy, loss of his personal freedom to move about, loss of his enjoyment of personal liberty, humiliation, emotional distress and injury, pain and suffering, and great mental anguish. His compensatory damages exceed the sum of $25,000.

17.    Economic damages:  As a further direct and proximate result of the tortious conduct of the defendants, plaintiff has incurred and will incur reasonable attorney's fees recoverable under 42 U.S.C. section 1988, and Civil Code section 52.1, according to proof.

18.    As a further, direct, legal and proximate result of the aforesaid acts of defendants, and DOES 1 through 100, plaintiff has been prevented from engaging in his usual occupation, thereby sustaining a loss of income, the duration and extent of which is as yet undetermined, and plaintiff is informed and believes and upon such information and belied alleges, that he will be prevented from attending to his said usual occupation for an indefinite period of time in the future, and will incur an additional loss of income, all to plaintiff's damage in a sum to be shown according to proof.

**WHEREFORE**, plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Fourth Amendment Violations- (42 U.S.C. § 1983
### [Against all Defendants]

19.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 of plaintiff's First Cause of Action, as though fully set forth at length herein.

20.    The Defendant County, through the Sheriff's Office and its deputies Spittler and Osbourne, violated GIPII's Fourth Amendment rights by subjecting him to unreasonable search and seizure of his person.  The defendants unreasonably seized and detained GIPII without reason to suspect he was involved in a crime, and escalated his detention beyond the permissible scope of an investigation without probable cause.

21.    Deputies Spittler and Osbourne also violated GIPII's 4th Amendment rights by arresting him and causing him to be jailed without a warrant or probable cause to support his arrest. They relied on an invalid basis- GIPII's inability to tell them the whereabouts of felon, J. Mc Manus- to arrest plaintiff as being in violation of Penal Code section 32.

22.    Defendant County, through the NCSO, directed, approved, and authorized GIPII's unconstitutional arrest.  The Sheriff (Shannon Moon) and her supervising deputies knowingly failed to prevent deputies Spittler and Osbourne from violating Mr. Pease's 4th Amendment rights.  The two deputies knowingly disregarded the fact the Mr. Pease's arrest and subsequent incarceration would be the obvious consequences of their actions and omissions.

23.    Defendant County, through the NCSO, maintains a policy, custom, and practice of requiring individuals they detain to answer questions about their identity, even when they are detained absent reasonable suspicion, or when an individual is detained for an alleged violation of Penal Code section 32, and the detained person is unable to state the whereabouts of third party to the satisfaction of the Sheriff's deputies. Deputies Spittler

and Osbourne acted pursuant to the Sheriff Office's unlawful policy, custom, or practice when they unreasonably detained GIPII, and thereafter arrested him for an alleged violation of Penal Code section 32.

WHEREFORE, plaintiff prays for judgment against defendant as hereafter set forth.

### THIRD CAUSE OF ACTION
**Bane Act (Cal. Civ. Code, Sec 52.1)**
**(Against all Defendants)**

24.     Plaintiff incorporates by reference the allegations contained in paragraphs 19 through 23 of Plaintiff's Second Cause of Action as though fully set forth at length herein.

25.     The Bane Act provides a civil cause of action against anyone who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individuals rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or law of the State of California."   Civil Code section 52.1 (a), (b).

26.     Defendant County, through the NCSO, (and deputies Spittler and Osbourne), interfered with GIPII"s exercise and enjoyment of his rights under the U.S. and California Constitutions, thereby violating the terms and conditions of the Bane Act.

27.     Defendants intentionally interfered with GIPII's rights under the Fourth Amendment, and Article I, Sections 10 and 13 of the California Constitution to be free from unreasonably invasive or prolonged investigatory detention in the absence of probable cause. Defendants used threats and coercion to prevent GIPII from insisting on his rights, and said deputies ultimately did arrest GIPII, and caused him to be jailed to retaliate against him for invoking his rights. Plaintiff reasonably believed that the defendants and their agents would commit physical violence upon his person if he did not submit to the unlawful arrest.

28.     Defendants intentionally interfered with GIPII's right to remain silent under the 5th Amendment to the U.S. Constitution, and Article I, section 15 of the California Constitution.   Defendants made threats to prevent GIPII from exercising those rights,

and said deputies subjected him to an unreasonably invasive and prolonged investigatory detention, arrest and incarceration to retaliate against him for invoking such rights.

29. Defendants intentionally interfered with GIPII's rights under the First Amendment of the U.S. Constitution and Art I, section 2 of the California Constitution in plaintiff's assertion of his constitutional right to post bail for another person. Defendants used threats and coercion to prevent GIPII from insisting on that right, and ultimately did arrest him, and caused him to be jailed to retaliate against him for expressing verbal disagreement with their interpretations of the law and facts, and for his verbal assertion of his rights.

30. Defendants intentionally, and further interfered with GIPII's rights under the First Amendment, and Article I, Section 2 of the California Constitution when they video recorded the exchange with GIPII, while the officers were allegedly engaged in their official duties. Defendants thereby subjected GIPII to an invasion of his privacy, and an unreasonably invasive and prolonged investigatory detention, arrest, and incarceration to retaliate against him for exercising that right. Defendants upon the arrest of the plaintiff attempted to conceal the facts of the arrest, and did characterize the same as a 'detention' only.

31. As a direct and proximate result of these violations, plaintiff sustained those damages as enumerated in paragraphs 12, 16, 17, and 18, incorporated by this reference.

**WHEREFORE,** Plaintiff prays judgment as hereafter set forth

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### [Against All Defendants]

32. Plaintiff incorporates by reference the allegations contained in paragraphs 24 through 31 of Plaintiff's Third Cause of Action as though fully set forth

33. This count sets forth a claim against the County of Nevada and NCSO for intentional infliction of emotional distress. The claim is pled in the alternative, and for the

purpose of this claim, the Sheriff S. Moon, and her deputies Spittler and Osbourne, were acting outside the course and scope of their employment with NCSO.

34. The conduct of deputies Spittler and Osbourne set forth above constituted extreme and outrageous conduct that shocks the conscience of any reasonable person, and goes beyond all bounds of decency. The conduct of deputies Spittler and Osbourne was the proximate cause of plaintiff's emotional distress, and Plaintiff's emotional distress was severe. The conduct of deputies Spittler and Osbourne constitutes the actionable tort of IIED. (Intentional Infliction of Emotional Distress).

35. Deputies Spittler and Osbourne maliciously and intentionally caused plaintiff emotional distress by making false and misleading statements, all to cause Plaintiff emotional distress, and to unjustifiably subject plaintiff to arrest, false imprisonment, and prosecution. The actions by Spittler and Osbourne were taken in bad faith, and with a malicious purpose, and with a wilful disregard of Plaintiff''s rights.

36. As a direct and proximate result of the above unlawful acts and omissions, plaintiff was injured and sustained economic damages, including lost income, lost prestige, loss of capacity for the enjoyment of life; plaintiff further sustained severe emotional pain and loss of self esteem, inconvenience and hurt, because of the actions of the two deputies, and is therefor entitled to compensatory damages, including the expungement of his now existing criminal record.

37. As a further direct and proximate cause of the violations committed by defendants, and each of them, plaintiff is entitled to recover his attorney's fees and costs as provided for in Civil Code section 52.1 and C.C.P. section 1021.5

Plaintiff's damages are continuous, they have occurred in the past, are occurring in the present, and will continue to occur in the future, entitling plaintiff to recover his damages as alleged.

**WHEREFORE**, plaintiff prays for judgment as hereafter set forth..

## PRAYER TO COMPLAINT

### FIRST,  SECOND, THIRD and  FOURTH  CAUSES OF ACTION

A.    General damages in a sum according to proof;

B.    Sums incurred and to be incurred for damages occasioned by loss of liberty; court bonds to secure  plaintiff's release from custody;  attorney's fees;  costs of litigation; damages to reputation,  along with mental distress;  further, plaintiff is entitled to have the previous arrest,  incarceration,  and the fact of the pending prosecution expunged;

C.    Loss of income incurred and to be incurred,  according to proof;

D.    For interest provided by law including,  but not limited to, California Civil Code § 3291;

E.    For attorney's fees and costs of litigation pursuant to 42 U.S.C.  section 1988,  Civil Code section 52.1;  and C.C.P  section 1021.5

F.    Costs of suit, and for such other and further relief as the court deems proper.

Dated:  June 28, 2024

**LAW OFFICES OF R. ELLIS HARPER**

By

R. Ellis Harper,  attorney for GIPII

EXHIBIT " A "



# CLAIM AGAINST COUNTY OF NEVADA
### State of California

*(This section to be completed by the County)*

**RETURN SIGNED CLAIM FORM TO:**
Clerk of the Board of Supervisors
County of Nevada
Eric Rood Administrative Center
950 Maidu Avenue
Nevada City, CA  95959-8617

Received Date ___**12/29/2023**___

Claim No. _____**2984A**_____

**FOR EACH CLAIMANT, please provide the following:** *(print clearly)*

> **RECEIVED**
> By lauriana63071 at 11:07 am, Dec 29, 2023

**(Check one of the following)**
☒  CLAIM AGAINST COUNTY OF NEVADA
☐  CLAIM AGAINST NEVADA COUNTY SANITATION DISTRICT #1

1. Name of Claimant: _____Gerald_____Isaac_____Pease Jr_____
                               First                         Middle        Last

   Mailing address:____13361 Sailor Flat Rd____Nevada City___California_____95959___
                                  Street              City         State        Zip Code

   Phone No. (daytime and evening)____(530) 559-6968_____
                                  (Area Code) Phone No.                  (Area Code) Phone No.

2. Name, telephone number, and mailing address to which claimant desires notices to be mailed (if different from item 1): ____Same as above_____

3. If claim involves a vehicle, include:

   Claimant's driver's license number_____N/A_____

   Vehicle license number _____ State_____

   Vehicle year, make, model_____ State_____

   Claimant's insurance company and policy number_____

   Was a police report taken?_____

4. Date and time the loss occurred___July 5th 2023 approximately 8:30pm and continues to the present. The problem began

   posting bail for Jeremy McManus (Case #12300823).

5. Date and manner claimant first learned of loss____July 6th 2023 approximately 6:30pm and continues to the present. My loss

   and damages stemmed from being wrongly arrested, defimation of character and Liberty, made evident by the pejoritive actions exemplified by the Nevada County Sheriffs Office.

H:\staff forms\Claim Against County of Nevada
Office of the Clerk of the Board DocuShare Document 7702
Page 1 of 3
Revised August 2022

6. Location where loss occurred. (If loss is the result of a vehicle accident: provide city, street, cross street)

13361 Sailor Flat Rd Nevada City CA 95959

7. Describe the circumstances of the occurrence, event, act or omission that caused the injury, damage, or loss. (attach additional pages if necessary)

On July 5th, Jeremy McManus (Case #12300823) called Gerald Isaac Pease, Jr to inform Pease that McManus was eligible for bail. Pease posted $3,000 and picked McManus up

at Wayne Brown at approximately 8:30PM, then took him home to Christopher LoPiccolo's at 13889 Gas Canyon Rd. Nevada City, Ca 95959. Two weeks prior, McManus signed a

release of property to Ms. Hardwick. McManus informed Ms. Hardwick that he and Pease were doing a dump run, so Ms. Hardwick was at Pease's residence looking for McManus

to return said items, when NCSO arrived. Hardwick was pulled over by sheriff's, and her car searched, thinking McManus was in the trunk. Hardwick was threatened and intimidated,

as evident by sheriff's telling Hardwick she would be arrested, without question, if she returned to this area.                           (See continuation of response in Paragraph #7)

8. Describe the injury, property damage, or loss so far as is known at the time of this claim. If there were no injuries, state "no injuries".

The embarrassment, social isolation, and emotional distress engendered from the behavior of a gang of Nevada County Sheriffs, specifically Detectives Galen Spittler and

Richie Osbourne was no less than an emotionally terrifying, monetarily devastating, and a community segrigating experience of my family's life. My Daughter will not bring my grand

children to visit me because she now feels it is an unsafe environment for them. One year ago I purchased two pieces of equipment totally $60,000.00, and they sit in the dirt because

word went aroud my small community I was cuffed, charged, and detained for a felony crime. I've been deprived of liberty, falsely imprisoned, and labeled a liar. I am also in a graduate

program working towards liscensure as a mariage, family, and couples therapist. However, I now have a criminal record making this career choice highly unlikely

9 Name and address of any other person(s) injured

I was accused, patted down, cuffed, pockets emptied, and detained for no specification of charges and no miranda rights given in front of my wife Anna Salatlam Pease who

resides at 13361 Sailor Flat Rd Nevada City California 95959. The stress of having Sheriffs roam freely on our property brandishing automatic weapons sent my wife into a dissotiave

state bringing up terrible memories of past trauma. Anna Salatlam Pease is an Associate Clinical Social Worker at Stanford Sierra Youth and Family

10. Name and address of the owner(s) of any damaged property

Gerald Isaac Pease Jr, Anna Salatlam Pease

11. Names and addresses of all witnesses, hospitals, doctors, etc.

Gerald Isaac Pease Jr, Anna Salatlam Pease 13361 Sailor Flat Rd Nevada City California, 95959, Sherry Hardwick,16281 Hillaire Rd Rough and Ready, CA (530) 575-9633

Janeah, Tony Ruiz, and Melanie Garcia from Act fast bail bonds 5407 Florin Rd Sacramento CA 95823 (916) 483-2825

Mark Joyce 13119 Sailor Flat Rd. Nevada City, CA 95959 (530) 955-3166

12. State how or in what manner the County of Nevada or its employees were at fault, including legal basis for claim, if known.

The actions of Nevada County, through Nevada County Sheriffs's office, Shannon Moon, and Sheriff Detectives Galen Spittler and Richie Osbourne [and Does 1 through 20 Inclusive]

were such that the rights of the claimant to be free of unreasonable surch and siezure were violated. The claimant was approched on 7/6/23 after he had posted bail for one Jeremy

McManus in Nevada County case # 12300823. That bond was posted the evening of 7/5/23 through act fast bail bonds in the penal sum of $30,000.00 under receipt no. 1420409.

J McManus was released on bond at about 8:30pm on 7/05/23. By the morning of 7/06/23, Nevada County, the county Sheriff, the Probation Department, and the Nevada County

District Attorney had determined that J. McManus had been released through a clerical error. His bond was revoked, (see continuation of response for paragraph #12)

13. Name(s) of County's employee(s) causing the injury, damage, or loss.

Delectives Galen Spittler - Badge no. 1D58 and Richi Osborne - Badge no. 1D12    Nevada County Sheriff Oficers [Does 1 through 20]

14. If total damages claimed are less than $10,000·

Amount claimed as of this date       $ _____

Estimated amount of any future costs  $ _____

Total amount claimed                 $ _____

Basis for computation of amounts claimed  (attach copies of all bills, invoices, estimates, photographs, etc )

_____

_____

15. If damages claimed are equal to or greater than $10,000  check appropriate box below·

☐ Limited civil case ($10,000 - $25,000)

☒ Superior Court Jurisdiction ($25,001 and up)

16. Any additional information that might be helpful in considering this claim.

Gerald Isaac Pease Jr was arrested and his wife, Anna Salatlam Pease, posted bail on a bond of $10,000.00  for the charge of 32 PC

and arrived home the Fallowing day.. Pease's neighbor, Mark Joyce, who resides at 13119 Sailor Flat Rd NC, California 95959 heard

from another neighbor that Pease and McManus were arrested and taken into custody. Joyce inquired about the charges. Pease explained

that NCSO's came  onto his property to rearrest McManus due to a clarical error. However, when Pease expressed his discomfort

regarding being arrested for lieing about McManus canvassing around Cascade Shores to look for work Joyce interupted Pease saying,

"He was looking for work because McManus came to my place around 2:30 & 3:30pm asking if there were any trees that needed attention".

Joyce concieded  that money was tight but told McManus there were trees that had fallen in the last storm blocking the trail leading to

the Green Horn Creek. Joyce then told McManus he had errands and would return at 7pm to discuss a price for the work to be performed.

Joyce iterated that it would be a nice walk for he and his dog Lilly to take the back trail that leads to Pease's property and  to his home.

This is when McManus strolled onto Pease's properety and ultimately rearesteed by Sheriff's, Pease was taken into custody also.

The ambiguities concerning the documentation surrounding the NCSO's presence on my property are both ubiquitous and obsequious.

Detention certificates and letters from the District Attourney telling me I was not arrested but  detained did not appear untill I was taken into custody, booked, released on bail,

and satisfying my obligation to appear at two separate court dates.

NOTE·  In presenting any claim not founded upon contract, full details as to the nature of the claim, when and where it arose, the
public property and officers or employees alleged to be at fault. the nature. extent and amount of the injury or damage claimed, and
all other details necessary to a full consideration of the merit and legality of such claim shall be stated in writing, signed by the
claimant or someone authorized by claimant  (For further particulars regarding filing of the Claim, see Section 900  et seq. of the
California Government Code.)

**WARNING:  IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM. (Penal Code Sec  72; Insurance Code Sec  556 1)**

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge,
except as to those matters stated upon information or belief, and as to such matters I believe the same to be true. I
declare under penalty of perjury under the laws of the State of California that the foregoing is TRUE and CORRECT

Signed this  29  day of  ___December___. 20 23

CLAIMANT'S SIGNATURE

**Continuation of response #7**

Around 3:30 to 4pm NCSO arrived at Pease's home, specifically Detective Galen Spittler and Richie Osbourne began to aggressively interrogate Pease regarding McManus's whereabouts. Osbourne was down the second driveway without a warrant. Pease repeatedly told Spittler and Osbourne he posted bail for McManus the prior evening on July 5th less than 24 hours ago. However, Pease felt coerced and bullied as if the Officers were attempting to catch Pease saying something to intentionally catch Pease in a lie. This tactic reflects the NCSO's repot that Pease obtained that reads more like a complete fiction rather than supported findings. Pease continued telling Sheriff officers that after bailing McManus out he got into Pease's car upon which Pease drove McManus to where he lived at LoPiccolo's house on Gas Canyon Rd. LoPiccolo was also taking care of McManus's dog, Lilly. Pease left McManus and drove home to Sailor Flat Rd. Around 9:30pm McManus walked with his dog Lilly to Pease's home to help Pease load trailer for the dump run the next morning. Pease went to bed around 3 or 4am and McManus borrowed Pease's Polaris side by side and went home to rest also. McManus returned the fallowing morning around 9:30 &10am, finished loading the trailer, and left for the dumps around 11am. Pease and McManus returned from the dump run around 3pm. McManus expressed that he was broke telling Pease he was going to walk around Cascade Shores to drum up some work. NCSO departed the premises.

At some point NCSO arrived a second time at Pease's property with officers carrying automatic weapons searching Pease's property without a warrant or permission. Pease's wife, Anna Salatlam, came home from work around 5:48pm. Salatlam sees several officers with automatic assault rifles in the high port position around the front southern portion of the property

and the lower driveway as well. Anna immediately approaches two sheriffs posted at the head of the main driveway. First Anna asks, "Is there anything I can get you?" Officers replied, "Nope, we're good." Salatlam then asked, "Can I ask you what's going on?" Officers replied, "We're unable to say anything."

Salatlam, terrified seeing the automatic weapons and worried her husband will be shot, goes inside the house and dissociates being triggered by officers on the property, related to past trauma. Salatlam went out the back door upon hearing Isaac's three-wheel ATV coming up the trail on his property. Officers made no attempt to explain or justify the unwarranted trespassing and brandishing of automatic weapons on their property. Salatlam was left in a distressed panic until her husband returned as she ran out to inform Pease of the surreal scene.

Salatlam motioned to Pease and told him their house was surrounded by sheriff deputies and that she was very terrified. Pease and his wife walked to the main driveway.

When Pease reached the driveway, he heard a commotion to his left and McManus was seen walking up the trail. The officers put McManus on his stomach and cuffed him behind his back. Detective Spittler and Osborne then aggressively approached Pease stating, "You're a fucking liar" and "You were not forthcoming with information regarding McManus". Pease was accused of misleading the investigation with false information concerning the whereabouts of McManus. Pease advised Spittler and Osbourne once again of his original statement; Pease posted bail for McManus and was looking for work in Cascade Shores. Upon hearing this declaration Pease was patted down, pockets emptied, searched, seized, cuffed, arrested, and transported to Wayne Brown. Pease remained cuffed and was booked into the Wayne Brown facility without Miranda warning, then placed in a holding area for three hours. Pease was allowed one phone call to his wife who arranged bail with Act Fast Bail Bonds No.4525-338608.

Not until 1:00am on July 7th was Pease booked and fingerprinted (Booking #B23001197). After 9 hours of unlawful detention Pease was released around 3am on 7-7-23. Pease was conditionally released and required to appear on September 18th and October 16th. Even then, the judge made it clear that Pease should remain close for a year should Pease be required to defend the charge.

Although Pease has never had contact with law enforcement, it was Nevada County's determination that Pease was a criminal.

**Attachment to Response to Question no. 12**

and a new warrant was issued for his re-arrest. Thereafter, the NCSO through multiple officers visited the home of Isaac Pease located at 13361 Sailor Flat Rd, NC 95959. The claimant was visited twice that day by a group of officers. Upon the second visit, and at about 6 p.m., the claimant was approached by officers Spittler (badge no. 1D56) and Osbourne (badge no. 1D12) and Does defendants 1 through 20, inclusive. The claimant was falsely accused of harboring a fugitive, and misleading the investigators with false information (concerning the whereabouts of J. McManus. The Sheriff had no warrant, nor probable cause to detain and arrest Isaac Pease.

During the interviews, I. Pease advised the two officers that he had posted a bail bond for J. McManus the evening before. Once this declaration was made, the claimant was falsely accused of a Crime, patted down, searched, seized, cuffed, detained, and thereafter arrested. Claimant was then was transported to WBCF, placed in a holding area of three hours, and interviewed by multiple officers without Miranda warnings. He was fingerprinted, booked on a Penal Code section 32 charge; his booking number was B23001197. Bail was set at $10,000 by the booking officer. Claimant was allowed a single phone call to his wife who arranged his bail. The bond agent, Act Fast Bail Bonds posted bail bond no. 4525-338608 for claimant's release. After 9 hours of unlawful detention, claimant was released at about 3 a.m. on 7/7/23. Claimant was conditionally released, meaning that he was required to appear in court on the very charges for which he was arrested. Case nos. 12301705 and NC0000547. He did so on 9/18/23 and again on October 16, 2023. The DA declined to further prosecute the claimant at the hearing of 10.16.23.

The DA sent a letter to claimant on October 26, 2023, advising that he would not be further prosecuted. The tortious actions described above, support the contentions of the claimant

offered in support of the instant tort claim. The actions described above warrant and undergird the following actionable claims which will be reduced to a civil complaint. The fault of the defendants, and the legal theories and bases for such claims, include the following; Unlawful detainment; False arrest; False imprisonment; Violation of 42 U.S.C. § 1983- Civil Rights- based on the 4th and 14th amendments, implicating the unlawful search & seizure of the claimant; Due process violations under 42 U.S.C. § 1983- 14th Amendment; Unlawful Seizure under Art I., § 13 of the California Constitution; Violation of California Government Code § 815.6; Bane Act (Civil Code § 52.1) violations for actions taken by defendants under color of law by threats, intimidation, and coercion exercised by the arresting officers in violation of state and federal civil rights. Moreover, causes of action are to be asserted for negligence, malicious prosecution, Monell claims [Municipal liability for unconstitutional customs or policies -42 U.S,C. § 1983]; negligent supervision and retention; intentional and negligent infliction of emotional distress; invasion of privacy, Art. I, Section 1, California Constitution; CCP section 1060- declaratory relief; and injunctive relief under CCP section 527, et seq, to preclude such violations by the arresting agency in the future.

These common law claims and statutory violations of law have caused harm to the Claimant, and are the proximate cause of the ad damnum claims [compensatory damages, special damages, punitive damages, attorneys' fees, treble damages, or fines as provided for by statute] set out in this tort claim. The damages claimed exceed six figures.

EXHIBIT " B"

# COUNTY OF
# NEVADA

STATE OF CALIFORNIA

## BOARD OF
## SUPERVISORS



Vice Chair Heidi Hall, 1" District
Edward C. Scofield, 2nd District
Lisa Swarthout, 3 District
Susan Hoek, 46 District
Chair Hardy Bullock, 5' District

Jeffrey Thorsby, Chief of Stafftlerk of the
Board

February 12, 2024

Via USPS certified

Gerald Pease Jr.
1 3361 Sailor Flat
Road Nevada City,
CA 95959

Re: Gerald Pease Jr., Claimant
Nevada County Claim #2984A

Dear Gerald Pease Jr.:

Notice is hereby given that the claim that you presented to the County of Nevada Board of Supervisors on December 29, 2023, was rejected by operation of law on February 1, 2024.

WARNING: Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. (See Government Code Section 945.6). This six (6) month time period may not apply to federal claims or claims for which a claim is not required to be filed under the California Tort Claims Act.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.



Respectfully,

Tine Mathiasen
Chief Deputy Clerk of the Board

TM/lc
cc: Risk Manager

950 Maidu Avenue, Suite 200, PO Box 599002. Nevada City, CA 95959-7902
530.265.1480 1 Fax: 530 265.9836 nevadacountyca.gov

PRINTED ON RECYCLED PAPER