UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ISAAC PEASE, II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF NEVADA, et al.,<br><br>Defendants. | Case No. 2:24-cv-02189-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 8) |

On June 28, 2024, Plaintiff Gerald Isaac Pease, II filed a complaint in Nevada County Superior Court against Defendants County of Nevada, Nevada County Sheriff's Office and Shannon Moon asserting state and federal causes of action relating to Plaintiff's unlawful arrest. Compl. (ECF No. 1, Exh. A). Defendants removed this action to federal court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1] (ECF No. 1 at 1-2.) Pending before the Court is Plaintiff's motion to remand this action to state court. (ECF No. 8.) A hearing on Plaintiff's motion was held on October 29, 2024. (ECF No. 14.) For the reasons that follow, Plaintiff's motion to remand is DENIED.

/ / /

/ / /

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 6, 7, 10.)

1

# I. BACKGROUND

## A. Factual Background

On or about July 6, 2023, Plaintiff alleges he was unlawfully arrested at his home in Nevada City by the Nevada County Sheriff's Office. Compl. ¶ 10. Plaintiff was visited at home by two deputies who he alleges falsely accused him of providing false information and harboring a fugitive named J. McManus. *Id.* Plaintiff alleges he was falsely accused, arrested, and charged with being in violation of California Penal Code § 32 due to posting bail for J. McManus the previous day. *Id*. Plaintiff alleges the deputies did not have a warrant or probable cause to arrest and detain him. *Id.*

## B. Procedural Background

Plaintiff's complaint alleges four causes of action against all Defendants: (1) false arrest/false imprisonment; (2) 42 U.S.C. § 1983 claim for unreasonable search and seizure in violation of the Fourth Amendment; (3) California Civil Code § 52.1 (referred to as the "Bane Act"); and (4) intentional infliction of emotional distress. Compl. ¶¶ 13-37. On August 15, 2024, Defendants removed this lawsuit to this Court on federal question jurisdiction. (ECF No. 1 at 1-2.) On August 16, 2024, Defendants filed an answer. (ECF No. 3.)  On September 12, 2024, Plaintiff filed a motion to remand back to state court arguing remand is appropriate on multiple grounds. Pl. Mot. (ECF No. 8-1). Defendants have filed an opposition (Defs. Opp'n (ECF No. 12)), and Plaintiff has filed a reply (Pl. Reply (ECF No. 13)).

# II. LEGAL STANDARDS

## A. Removal and Remand

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d

966 (9th Cir. 2004). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

"The presence or absence of federal-question jurisdiction that will support removal is governed by the 'well-pleaded complaint rule,' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In determining whether the case "arises under" federal law, federal courts look to the "essential" elements of plaintiff's causes of action. *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936).

### B.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380. For a case removed without federal jurisdiction, the district court must remand the case back to state court. 28 U.S.C. § 1447(c).

A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

/ / /

/ / /

III. DISCUSSION

Plaintiff moves to remand on three main grounds: (1) the Court lacks subject matter jurisdiction; (2) the *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) abstention doctrine applies; and (3) Defendants' removal was procedurally deficient. Pl. Mot. at 4-7. The Court addresses each argument in turn.

### A. Subject Matter Jurisdiction is Proper

Plaintiff argues that despite the existence of a federal question based on his 42 U.S.C. § 1983 cause of action, his state law claims predominate and the Court has no original jurisdiction over his state law claims. Pl. Mot. at 4. Plaintiff also urges the Court to remand the state law claims if it declines to remand Plaintiff's Section 1983 cause of action. *Id*. at 5. Defendants argue this Court has original jurisdiction over Plaintiff's Section 1983 cause of action because it "arises under" federal law. Defs. Opp'n at 5. As to the state law claims, Defendants argue they raise a federal question based on a constitutional violation and, in the alternative, supplemental jurisdiction over these claims is proper because they form part of the same case or controversy. *Id*. at 9-10.

Plaintiff brings his second cause of action pursuant to 42 U.S.C. § 1983 for an unreasonable search and seizure in violation of the Fourth Amendment. *See* Compl. ¶¶ 19-23. By Plaintiff's own admission, this cause of action undoubtedly arises under the United States Constitution and 42 U.S.C. § 1983, a federal law. *See* 28 U.S.C. § 1441(a). In addition, Plaintiff's Bane Act claim is based on alleged violations of the First, Fourth, and Fifth Amendments of the United States Constitution, and corresponding state Constitution provisions. Further, all of Plaintiff's claims relate to the underlying search and seizure that occurred at Plaintiff's home on July 6, 2023. *See generally* Compl. Plaintiff's state law claims (false arrest/false imprisonment, Bane Act violation, and intentional infliction of emotional distress) all relate to the same event and allege the same set of facts. *See Caterpillar*, 482 U.S. at 392; *Gully*, 299 U.S. at 112. Accordingly, Plaintiff's state law claims derive from a common nucleus of operative facts as the federal claim and this Court, thus, has supplemental jurisdiction over these state law

claims. 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (for federal court to retain jurisdiction of state law claim, "[t]he state and federal claims must derive from a common nucleus of operative fact" such that plaintiff would "ordinarily be expected to try them all in one judicial proceeding".). The Court's exercise of supplemental jurisdiction over these state law claims also promotes judicial economy and convenience for the parties to prevent separate litigation in two different forums.

Plaintiff's argument that the Court lacks subject matter jurisdiction because Article III standing was not pled or argued by Plaintiff is unclear. *See* Pl. Mot. at 4-5. To the extent Plaintiff is arguing that he lacks standing to bring his claims, his "general factual allegations of injury resulting from the defendant[s'] conduct" is sufficient to meet standing at this stage of the proceedings. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court finds that it has subject matter jurisdiction.

### B. Abstention Doctrines Do Not Apply

Plaintiff argues, in the alternative, that the Court should abstain from exercising jurisdiction pursuant to *Burford*, 319 U.S. 315, because removing this action would result in "needless intervention" by this Court and "needless conflict" with state law given that the state law claims predominate. Pl. Mot. at 6-7. Defendants argue that *Burford* abstention is only appropriate in extraordinary circumstances which are not found here. Defs. Mot. at 10.

The Court agrees that the *Burford* abstention doctrine does not apply here. The *Burford* abstention doctrine is only appropriate where a case involves complex state regulatory schemes and the case either poses "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar" or where "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361-62 (1989) (internal quotation

marks omitted). "*Burford* allows [federal] courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *United States v. Morros*, 268 F3d 695, 705 (9th Cir. 2001) (internal quotation marks omitted). This case does not present any issues, nor does Plaintiff raise any, that could reasonably be viewed as meriting abstention under *Burford*. Accordingly, the Court declines to abstain on this ground.

In his reply, Plaintiff raises a new abstention doctrine, arguing that in addition to *Burford* abstention, abstention under *Younger v. Harris*, 401 U.S. 37 (1971) also applies. Pl. Reply at 7-8 (ECF No. 13). As stated by the Court at the hearing, it is improper to raise a new argument in reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Nevertheless, the Court addresses this new argument as it provided Defendants with the opportunity to respond at the hearing. Plaintiff's argument fails because there is no <u>separate</u> state court proceeding that is pending for the district court to abstain from. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (*Younger* abstention not limited to pending state criminal proceedings, but also applies to pending state civil proceedings "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government").

C.   **Defects in Removal Procedure Require Amendment**

Plaintiff also argues Defendants' removal is procedurally deficient because the Notice of Removal does not contain signatures of all three Defendants establishing their consent to removal. Pl. Mot. at 5-6. Plaintiffs further argue Defendants did not comply with the removal statute by failing to file with this Court the entire state court filings including "the summons, cover sheet, Notice of Case Management Conference, proofs of personal service upon each of the defendants, declarations of plaintiff's counsel under C.C.P. § 170.6, and the court's acceptance of said judicial challenge." *Id*. at 6. Defendants oppose the motion arguing the Notice of Removal clearly states it was filed

6

on behalf of all the Defendants and signed by the attorney of record for all Defendants. Defs. Opp'n at 11. Defendants also argue the core pleadings of the state court action were filed and that any omission of non-essential documents is a technical defect that courts have found to be curable and non-fatal to removal. *Id.* at 11-12.

Pursuant to 28 U.S.C. 1446(a), "[a] defendant or defendants desiring to remove any civil action from a State court" must file in the federal district a notice of removal and copies of the papers "served upon such defendant or defendants in such action." In a case involving multiple defendants, "[a]ll defendants must join in a removal petition." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). "[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Here, it is clear all Defendants have consented to removal because Defendants' Notice of Removal states "Defendants COUNTY OF NEVADA; NEVADA COUNTY SHERIFF'S COUNTY; and SHANNON MOON hereby remove to this Court"; declares Defendants are unaware of any other named defendants other than those alleged in the Complaint; identifies that "[t]he undersigned will be representing the Defendants COUNTY OF NEVADA, NEVADA COUNTY SHERIFF'S OFFICE and SHANNON MOON"; and shows all Defendants are represented by the same attorney of record. *See* ECF No. 1 at 1-2; Defs. Opp'n at 11 ("As the record reflects, the removal was consented to by all properly served defendants and signed by the attorney of record."); *see also Rodriguez v. Cnty. of Kings*, 2005 WL 8176309, at *3 (E.D. Cal. June 29, 2005) (notice referring to "the defendants" and signed by the counsel for the defendants is sufficient to establish consent of all the defendants); *Proctor*, 584 F.3d at 1225.

The Court concludes, however, that there are non-fatal defects with Defendants' removal papers because there are state court filings that have not been filed with this Court in compliance with the removal requirements set forth in 28 U.S.C. § 1446(a),

7

which requires that "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Because the Court finds federal question jurisdiction exists, these defects are not fatal and may be cured by amendment. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("*de minimis*" procedural defects in the form or content of the removal papers, such as failure to file all the state court papers and provide the Rule 11 signature, may be cured by amendment after removal); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (failure of all defendants to sign or consent to the notice of removal may be cured prior to the entry of judgment). Accordingly, the Court will provide Defendants fourteen (14) days from the date of this order to cure these defects.

**IV.     PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

Plaintiff requests the Court award reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) for having to file a motion to remand. Pl. Mot. at 7-8. Defendants oppose the request arguing removal was proper based on federal question jurisdiction. Defs. Opp'n at 13-14. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Based on the Court's determination that Defendants' removal was proper, the Court DENIES Plaintiff's request for attorney's fees and costs.

**V.      CONCLUSION**

In conclusion, the Court ORDERS:

1. Plaintiff's motion to remand (ECF No. 8) is DENIED;
2. Defendants are granted fourteen (14) days from the date of this order to file an Amended Notice of Removal correcting the defects identified in this order;
3. Within thirty (30) days of Defendants' filing of their Amended Notice of Removal, the parties shall file a Joint Status Report after conferring to

address the relevant portions of Local Rule 240(a) to facilitate the entry of a pretrial scheduling order. In addition to the requirements of Local Rule 240(a), the parties shall also address the following in their Joint Status Report:

    a) The parties' estimated length of trial, and whether the case will be tried to a jury or to the bench;

    b) In the proposed schedule presented pursuant to Local Rule 240(a)(11), include proposed dates for the filing of a Joint Mid-Discovery Statement, which should occur at a mid-point during the fact discovery time period; and the final pretrial conference, which should occur three to four weeks before the proposed trial date. The parties' proposed trial date should occur approximately four to five months after the dispositive motion hearing deadline; and

    c) In the proposed schedule for expert disclosures presented pursuant to Local Rule 240(a)(11), include proposed dates for initial expert disclosures and rebuttal expert disclosures.

4. An initial pretrial scheduling conference shall be held on Tuesday, January 7, 2025 at 10:00 a.m. in Courtroom 25.

5. The parties are reminded of the Local Rule 240(b) requirement to submit a proposed discovery plan within fourteen (14) days of the parties' discovery conference.

6. The parties are directed to Judge Kim's Civil Standing Orders, which are located on the Court's website at www.caed.uscourts.gov (select "Judges," then select Magistrate Judge Chi Soo Kim). The parties should take note of the page limits for civil motions and discovery joint statements. The parties are responsible for knowing and complying with the Court's standing orders.

7. The parties are further reminded of their continuing duty to notify the Court immediately of any settlement or other disposition. *See* Local Rule 160.

Dated: November 1, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, peas2189.24